UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUISIANA COMMERCE AND TRADE
ASSOCIATION SELF INSURERS FUND            CIVIL ACTION

VERSUS            NO. 13-700-JJB-RLB

CERTAIN UNDERWRITERS AT LLOYD'S
LONDON SUBSCRIBING TO CONTRACT
NUMBER A1430B600/A2430B600

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 6, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUISIANA COMMERCE AND TRADE
ASSOCIATION SELF INSURERS FUND     CIVIL ACTION

VERSUS     NO. 13-700-JJB-RLB

CERTAIN UNDERWRITERS AT LLOYD'S
LONDON SUBSCRIBING TO CONTRACT
NUMBER A1430B600/A2430B600

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on referral from the district judge of the plaintiff's motion to remand. (R. Doc. 6). The motion is opposed. (R. Doc. 8). For the reasons provided below, it is the recommendation of the magistrate judge that the plaintiff's motion to remand should be denied.

**I.    Background**

On September 12, 2013, plaintiff Louisiana Commerce and Trade Association Self Insurers Fund ("LCTA"), a worker's compensation provider, sued defendants Certain Underwriters at Lloyd's London subscribing to Contract Number A1430B600/A2430B600 (the "Reinsurers")[1] in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-1, "Petition"). LCTA alleges that under Reinsurance Contract Number A1430B600 (the "Reinsurance Contract"),[2] the Reinsurers must pay for LCTA's excess liability under its own insurance policies up to $750,000. (R. Doc. 1-1, "Petition," ¶¶ 4-5). LCTA alleges that the Reinsurers breached the Reinsurance Contract by refusing to pay LCTA's excess liability with

---

[1] The Notice of Removal states that the Reinsurers are "Members of Lloyd's, London who/which participate in Syndicates 435, 570, 1096, 138, 2001, 2003, 1003, 2791, and 1204, and who/which are among the subscribers" to Reinsurance Contract Number A1430B600 (the "Reinsurance Contract") (R. Doc. 1 at 1).
[2] LCTA attached the entire Reinsurance Contract to its Motion to Remand. (R. Doc. 6-5).

1

respect to coverage for a claim made under one of LCTA's insurance policies. (Petition, ¶¶ 6-8). LCTA alleges that the Reinsurers are liable for $516,386.22 plus interest, penalties, and reasonable attorney's fees allowed under Louisiana law. (Petition, ¶¶ 9-12).

On October 24, 2013, the Reinsurers removed the state court action under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 3 ("New York Convention" or "Convention"), which Congress has implemented at 9 U.S.C. §§ 201-208 ("Convention Act") (R. Doc. 1). The Reinsurers allege that the arbitration clause in the Reinsurance Contract falls under the New York Convention pursuant to 9 U.S.C. § 202 because it is included in a commercial contract that is not entirely between citizens of the United States. (R. Doc. 1 at 8).[3] The Reinsurers further allege that the subject matter of the state court action relates to the arbitration clause within the meaning of 9 U.S.C. § 205.

On November 25, 2013, LCTA filed its motion to remand. (R. Doc. 6). LCTA claims that removal was improper because the Reinsurance Contract contains a "service-of-suit" clause through which the Reinsurers waived their right to remove the state court action.

## II.   Arguments of the Parties

LCTA does not expressly challenge removal, or this court's jurisdiction, under the Convention Act. Instead, LCTA focuses its argument on an alleged contractual waiver to removal by the Reinsurers in the service-of-suit clause of the Reinsurance Contract. LCTA argues that because the service-of-suit clause provides that the Reinsurers "will submit to the jurisdiction of a court of competent jurisdiction within the United States," the Reinsurers have

---

[3] The Notice of Removal states that the Reinsurers "include individual and corporate members of various Syndicates at Lloyd's, London, who/which conduct business in London, England, and who/which subscribed their respective percentages of the Reinsurance Contract, at least one of whom/which is not a citizen of the United States and at least one of which is organized under the laws of England and Wales and has her/its principal place of business in England, or otherwise are citizens of England or other signatories to the New York Convention." LCTA does not challenge this assertion.

2

waived their right to remove to federal court. LCTA acknowledges that additional language in the service-of-suit clause expressly reserved the Reinsurers' right to remove actions filed in state court. LCTA nevertheless argues that under governing law interpreting similar service-of-suit clauses, as well as principles of contract interpretation and construction, the court must find this action non-removable.

The Reinsurers highlight that removal under 9 U.S.C. § 205 has been interpreted broadly by the Fifth Circuit and that LCTA has not expressly challenged the propriety of the removal under the Convention Act. The Reinsurers counter LCTA's interpretation of the service-of-suit clause by pointing out the express and unequivocal language reserving the Reinsurers' right to removal. The Reinsurers further argue that, in light of the arbitration agreement, removal would have been proper under the Convention Act even in the absence of an express reservation of the right to removal.

**II.     Law & Analysis**

    **A.     Whether Removal was Proper under the Convention Act**

The Reinsurers removed this action under the removal provision of the Convention Act, which provides that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205. LCTA does not challenge the Reinsurer's assertion that the arbitration clause falls under the New York Convention as defined in 9 U.S.C. § 202.[4] Similarly, LCTA also does not argue that this court lacks subject matter jurisdiction over

---

[4] "An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in

3

the state court action under 9 U.S.C. § 203.[5] LCTA obliquely challenges the removal of the action under the 9 U.S.C. § 205, however, (1) by arguing that the arbitration clause is limited to actions brought under Article 12 of the Reinsurance Contract and (2) by suggesting that removal under the Convention Act is proper only where a separate claim has been filed raising the issue of arbitrability of the underlying state court action. (R. Doc. 6-3 at 6-11). In other words, LCTA suggests that the state court action does not "relate to" the arbitration clause. These arguments must fail in light of the Fifth Circuit's broad interpretation of removal under the Convention Act.

Removal is proper under the Convention Act where the state court action relates to an arbitration falling under the New York Convention. 28 U.S.C. § 205. The Fifth Circuit has characterized § 205 as "one of the broadest removal provisions . . . in the statute books." *Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d 373, 378 (5th Cir. 2006). The statute is so broad "that the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these instances, Congress created special removal rights to channel cases into federal court.'" *Id.* (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1207-08 (5th Cir. 1991)). "[W]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' [] the plaintiff's suit." *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) (emphasis in the original) (action was related to an arbitration agreement even where plaintiff alleged he

---

section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States." 9 U.S.C. § 202.

[5] "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

was not party to the agreement). Where an arbitration clause provides that certain types of disputes must be arbitrated, it "relates to" a lawsuit filed in state court seeking resolution of those types of disputes and is, therefore, removable. *Acosta*, 452 F.3d at 378.

Here, the arbitration clause provides, in pertinent part, the following:

**Article 27**

**ARBITRATION**

As a condition precedent to any right of action hereunder, in the event of any dispute or difference of opinion hereafter arising with respect to this Agreement, it is hereby mutually agreed that such dispute or difference of opinion shall be submitted to arbitration.
. . .

Any arbitration proceedings shall take place at a location mutually agreed upon by the parties to this Agreement, but notwithstanding the location of the arbitration, all proceedings pursuant hereto shall be governed by the law of the state in which the Company has its principal office.

(R. Doc. 6-5 at 20-21). LCTA has filed a lawsuit against the Reinsurers alleging that the Reinsurers had a duty under the Reinsurance Contract to pay LCTA for its excess liability under its own insurance contracts. LCTA's right of action for breach of the Reinsurance Contract arises under this agreement between the parties. The broad language of the arbitration clause states that it applies to "any dispute or difference of opinion . . . arising with respect" to the Reinsurance Contract and that such disputes or differences of opinion must be submitted to arbitration. (R. Doc. 6-5 at 20). Accordingly, the arbitration clause "relates to" LCTA's disputed assertion of coverage and to the subject matter of its coverage claims filed in state court. *Acosta*, 452 F.3d at 378; *Beiser*, 284 F.3d at 669.

LCTA's arguments to the contrary are unavailing. First, that Article 12 of the Reinsurance Contract specifically invokes the arbitration clause does not serve to limit the scope of the arbitration clause to disputes concerning commutation of the reinsurer's duties under the

5

Reinsurance Contract. (R. Doc. 6-5 at 12-13). Article 12 provides that "[i]f the parties cannot reach an agreement on the valuation, the dispute shall be decided in accordance with the Arbitration Clause of this Agreement, *except that* all of the arbitrators shall be actuaries not under the control of either party and shall be regularly engaged in the valuation of Workers' Compensation Claims and shall be Fellows of the Casualty Actuarial Society." (R. Doc. 6-5 at 12) (emphasis added). Because this provision provides an "exception" to the general qualifications of arbitrators as detailed in the arbitration clause, it does not limit the scope of the arbitration clause to disputes concerning Commutation. On the contrary, LCTA's right to seek coverage under the Reinsurance Contract is a right of action arising under the Reinsurance Contract and "relates to" the arbitration clause.

Second, LCTA's argument that a party to an agreement with an arbitration clause covered by the Convention Act must first seek to compel arbitration, or otherwise raise an issue regarding arbitrability, prior to removal under the Convention Act is also unavailing. The Fifth Circuit has affirmed the denial of a motion to remand an action removed under § 205 even where the removal occurred before the filing of a motion to compel arbitration. *Acosta*, 452 F.3d at 375. Furthermore, prior to LCTA's filing of its motion to remand, the Reinsurers filed a motion to dismiss for improper venue, claiming that arbitration is the only proper venue for adjudication of this dispute in light of the arbitration clause. (R. Doc. 2). In light of LCTA's assertion that it intended to file a timely Motion to Remand, the district judge dismissed the motion to dismiss for improper venue from the docket without prejudice and granted leave to the Reinsurers to renew the motion upon a determination of the court's removal jurisdiction. (R. Doc. 5).[6]

---

[6] Although the court concludes that the arbitration clause "relates to" the underlying state action, the court reaches no conclusion regarding whether and to what extent this dispute must be arbitrated in accordance with the arbitration clause.

6

In sum, the court finds that removal of this action was proper under 9 U.S.C. § 205 and the court has subject matter jurisdiction under 9 U.S.C. § 203. The court will, therefore, turn to whether the Reinsurers contractually agreed to waive their right to removal.

### B. Whether the Reinsurers Waived the Right to Removal through the Service-of-Suit Clause

A contractual waiver of the right to removal must be "clear and unequivocal." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004); *Beiser*, 284 F.3d 665, 672 (5th Cir. 2002) (citing *McDermott*, 944 F.2d at 1209). This court, and the Fifth Circuit, has found contractual waivers of the right to removal where defendants have agreed to submit to the jurisdiction of a court of competent jurisdiction within the United States in a service-of-suit clause. *See City of Rose City v. Nutmeg Insurance Co.,* 931 F.2d 13 (5th Cir. 1991); *Tennessee Gas Pipeline Co. v. Continental Casualty Co.,* 814 F. Supp. 1302 (M.D. La. 1993); *Capital Bank & Trust Co. v. Associated International Insurance Co.,* 576 F. Supp. 1522 (M.D. La. 1984). LCTA relies on this line of cases in support of its argument that the Reinsurers have contractually waived the right of removal.

The facts of *Nutmeg*, *Tennessee Gas*, and *Capital Bank & Trust* are distinguishable from the facts of this case for two reasons. First, and foremost, the service-of-suit clause in this action includes an express reservation of the Reinsurers' right to remove. The service-of-suit clause, in pertinent part, provides the following:

**Article 28**

**SERVICE OF SUIT (BRMA 49C)[7]**

---

[7] According to the Reinsurers, "BRMA" is the Brokers & Reinsurance Markets Association, which is a "networking forum for treaty property and casualty treaty reinsurance professionals" and "provides model wording for reinsurance contracts." (R. Doc. 8 at 15).

> (Applicable if the Reinsurers is not domiciled in the United States of America, and/or is not authorized in any State, Territory or District of the United States where authorization is required by insurance regulatory authorities)
>
> It is agreed that in the event the Reinsurers fails to pay any amount claimed to be due hereunder, the Reinsurers, at the request of the Company, will submit to the jurisdiction of a court of competent jurisdiction within the United States. Nothing in this Article constitutes or should be understood to constitute a waiver of the Reinsurers rights to commence an action in any court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another court as permitted by the laws of the United States or of any state in the United States.
> . . . .

(R. Doc. 6-5 at 21). Unlike the service-of-suit clauses analyzed in *Nutmeg*, *Tennessee Gas*, and *Capital Bank & Trust*, the service-of-suit clause at issue in this litigation expressly, and unequivocally, reserves the Reinsurers' right "to remove an action to a United States District Court." In fact, the *Nutmeg* and *Capital Bank & Trust* courts noted the absence of a right to removal in the service-of-suit clauses before them, suggesting that the existence of an express preservation of the right to remove would result in proper removal. *See Nutmeg*, 931 F.2d at 15 ("As the court noted in *Capital Bank & Trust*, if Nutmeg had wished to preserve the right to remove any action filed in state court, it could easily have said so in the policy."); *Capital Bank & Trust*, 576 F. Supp. at 1525 ("If the insurer desired the right to remove to federal court after the insured chose the state in which he desired to file suit, the insurer could have inserted a clause stating 'reserving the insurer's right to remove to federal court.'"). Because the Reinsurers included an express reservation of the right to remove in the service-of-suit clause, the Reinsurance Agreement does not contain a "clear and unequivocal" waiver of the right to remove. *See Ario v. Underwriting Members of Syndicate 53 of Lloyds*, 618 F.3d 277, 290 (3d Cir. 2010) (affirming denial of motion to remand where the service-of-suit provision explicitly

provided that "[n]othing in [i] constitutes or should be understood to constitute a waiver of Reinsurers' rights . . . to removal an action to a United States District Court.").

Second, the Fifth Circuit has held that service-of-suit clauses like those found in the *Nutmeg*, *Tennessee Gas*, and *Capital Bank & Trust* actions are insufficient to provide a "clear and unequivocal" waiver of the right to remove—even in the absence of an express reservation of the right to remove—where removal is proper under the Convection Act. *See McDermott International, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991). The *McDermott* decision involved two consolidated actions filed by the same policyholder (one concerning coverage and the other concerning arbitrability) that were removed by the insurers under 9 U.S.C. § 205. Like the contracts in *Nutmeg*, *Tennessee Gas*, and *Capital Bank & Trust*, the contract at issue in *McDermott* contained a service-of-suit clause allowing the policyholder to file suit in state court for "failure to pay a claim," but no express reservation of the right to removal. Unlike the contracts in *Nutmeg*, *Tennessee Gas*, and *Capital Bank & Trust*, the contract at issue in *McDermott* also contained an arbitration clause governed by the Convention Act that proved significant to the court's analysis.[8]

The Fifth Circuit concluded that two possible interpretations of the interplay between the service-of-suit clause and the arbitration clause rendered the policy ambiguous: (1) the service-of-suit clause could serve as an alternate forum selection clause for seeking payment of an arbitration award or (2) the service-of-suit clause could serve as a submission to personal jurisdiction, but not a waiver of removal rights.[9] Based on these ambiguities, the court held that

---

[8] The Fifth Circuit has expressly distinguished *McDermott* from *Nutmeg* on the ground that that the contract at issue in *McDermott* had an arbitration clause. *See La Mirage Homeowners Association v. Royal Surplus Lines Insurance Co.*, 64 F. App'x 416 (5th Cir. 2003) ("The presence of an arbitration clause in *McDermott* distinguishes that case from *Nutmeg* and from the instant case.").
[9] This second interpretation is likely appropriate for the service-of-suit clause at issue in this litigation, which contains a parenthetically provides that the service-of-suit clause applies "if the Reinsurers is not

9

there was no explicit waiver of the insurer's removal rights. *McDermott*, 944 F.2d at 1209. The Fifth Circuit recognized four reasons why it would "give effect only to explicit waivers of Convention Act removal rights": (i) potential state court hostility to international arbitration agreements, which could undermine reciprocity and jeopardize the enforceability of international arbitration agreements of U.S. citizens by foreign courts; (ii) fostering uniformity in Convention Act cases, by allowing their decision by federal courts; (iii) federal courts have refused to find a contractual waiver of removal rights absent a "clear and unequivocal expression" of the intent to waive in non-Convention Act cases; and (iv) judicial enforcement of valid arbitration agreements should be "summary and speedy." *Id*. at 1209-13; *see also Suter v. Munich Reins. Co.,* 223 F.3d 150, 158 (3d Cir. 2000) ("[T]here can be no waiver of a right to remove under the Convention Act in the absence of clear and unambiguous language requiring such a waiver. [T]he Convention Act and the policy choices that support it establish a strong a clear preference for a federal forum, a policy that will be best served by resolving any ambiguity in contract language against waiver."). Accordingly, even if the Reinsurers had not expressly reserved the right to removal in the service-of-suit clause, the *McDermott* decision would still require this court to deny remand of this action.

In sum, the Fifth Circuit requires explicit waiver of the right to removal under 9 U.S.C. § 205. Having expressly reserved their right to removal in the service-of-suit clause, the Reinsurers have not explicitly waived their right to removal.

---

domiciled in the United States of America, and/or is not authorized in any State, Territory or District of the United States where authorization is required by insurance regulatory authorities." (R. Doc. 6-5 at 21).

### III. Conclusion

For the foregoing reasons, LCTA has not demonstrated that removal was improper, or that this court lacks jurisdiction, under either the Convention Act or the terms of the Reinsurance Contract.

### RECOMMENDATION

It is the recommendation of the magistrate judge that plaintiff's Motion to Remand (R. Doc. 6) should be **DENIED**.

Signed in Baton Rouge, Louisiana, on May 6, 2014.

						_____
						**RICHARD L. BOURGEOIS, JR.**
						**UNITED STATES MAGISTRATE JUDGE**